### E. L. WEATHERFORD v. THE STATE.

#### No. 3310.   Decided February 7, 1906.

**1.—Defacing Public Building—Bill of Exceptions by Bystanders—Statutes Construed.**

Where a bill of exceptions which was attempted to be proved up by bystanders, failed to show that it had been presented to the trial judge and by him acted upon in any way or refused, and the affidavit simply stated that the matters occurred as stated in the bill, the same fails to bring itself within the rule laid down in the statutes and authorities.

**2.—Same—Insufficiency of Evidence.**

Upon a trial for defacing a school-house, alleged to be a public building, where the testimony showed that the injury occurred at night and that defendant and another passed along the road that night near the building, and that two horses had been hitched to a post near there, but that the horse tracks were not shown to have corresponded with the tracks of the horses ridden by defendant and his companion, and the defendant denied the charge, and that they only rode by the building, the same was not sufficient to sustain a conviction.

Appeal from the County Court of Montague. Tried below before Hon. Jordon S. March.

Appeal from a conviction of defacing public building; penalty, a fine of $18.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction is for entering and defacing a school-house, alleged to be a public building. Appellant undertook to reserve a bill of exceptions by proving it up by bystanders, but fails to bring himself within the rule laid down in articles 1367, 1368, and 1369, Revised Civil Statutes. Some of the jurors swore that the matters set up in the bill occurred as stated, but the bill and the record fail to show that it had been presented to the district judge and by him acted on in any way or refused. The affidavit simply states that the matters occurred as stated in the bill. This is not sufficient under the authorities cited.

We do not believe that the evidence is sufficient to justify the conviction; that is, the facts do not show with that degree of accuracy or certainty required by the law of circumstantial evidence that defendant

was connected with the alleged offense. The testimony shows the injury occurred at night, and appellant and Conway passed along the road that night, near the building. The State relied upon the fact that two horses had been hitched to a post near the building: one of the witnesses testified that one of the horse was shod and the other not, and another that both horses were shod, but it was not undertaken to be shown that the horses' tracks found near the building corresponded with the tracks of the horses ridden by appellant and Conway. Conway testified he was with appellant and passed up the road, but they did not stop at the building but went to Conway's residence, where they spent the night. There is nothing more than a suspicion that appellant and Conway may have done the deed, and that mainly grows out of the fact that they passed the building on that night. This is not sufficient. The judgment is reversed and the cause remanded.

*Reversed and remanded.*